UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE TAYLOR #499227,

    Plaintiff,                                                  Hon. Robert J. Jonker

v.                                                                   Case No. 1:20-cv-180

K. BREGE, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on remaining Defendant Joshua Hermann's Motion for Summary Judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 19.) Plaintiff has failed to respond to the motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant's motion be **GRANTED**.

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), sued several MDOC employees pursuant to 42 U.S.C. § 1983 alleging claims based on events that occurred at the Earnest Brooks Correctional Facility (LRF).[1] Following the Court's initial review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c), Plaintiff's sole remaining claim is his Eighth Amendment claim against Defendant Hermann. (ECF No. 4 at PageID.16–17.) Regarding that claim, Plaintiff alleges that on October 25, 2019, Defendant Hermann failed to take steps to protect Plaintiff after he informed Hermann that his

---

[1] Plaintiff is currently on parole from the MDOC.

cellmate had threatened to kill him, and instead ordered Plaintiff to lock down with his cellmate. (ECF No. 1 at PageID.6.)

Defendant moves for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [the defendant]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019).

In support of his motion, Defendant attaches a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time period. (ECF No. 20-2.) The Step III report shows that during the relevant period, Plaintiff filed two grievances, LRF-19-11-1181-28E and LRF 19-11-1180-28E (1180 Grievance), on November 13, 2019. (*Id.* at

2

PageID.131.) Of those two grievances, only the 1180 Grievance is relevant to Plaintiff's claim against Defendant. The 1180 Grievance was received at Step I and rejected as untimely. (*Id.* at PageID.146.) The rejection was upheld at Steps II and III. (*Id.* at PageID.142–44.) Because Plaintiff's grievance was rejected as untimely, the grievance was not properly exhausted, and his claim is subject to dismissal. *Martin v. Bergh*, No. 2:06-cv-119, 2008 WL 4283517, at *1 (W.D. Mich. Sept. 12, 2008) (citing *Woodford*, 548 U.S. at 90–91).

## CONCLUSION

For the foregoing reasons, I recommend that Defendant's Motion for Summary Judgment (ECF No. 19) be granted, that Plaintiff's claim against Defendant Hermann be **dismissed without prejudice** and that a final judgment be entered.

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: September 1, 2020                                          /s/ Sally J. Berens
                                                                                                    SALLY J. BERENS
                                                                                                    U.S. Magistrate Judge